UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EYE LASER CARE CENTER LLC,
STEPHEN WEINSTOCK, M.D., NORMAN
RAPPAPORT, M.D., and WARREN CROSS,
M.D.,

        Plaintiffs,

   v.

MDTV MEDICAL NEWS NOW, INC. and
PAUL ARGEN,

        Defendants.

Civ. Action No. 07-4788 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

     This diversity action was transferred sua sponte to the District of New Jersey ("DNJ") from the Southern District of California ("SDC") pursuant to 28 U.S.C. § 1404 in September 2007. The action was initiated by, among others, remaining plaintiffs, Eye Laser Care Center, L.L.C. ("ELCC"), and individual physicians Stephen Weinstock, Norman Rappaport, and Warren Cross (collectively, "plaintiffs"), against MDTV and its Chief Executive Officer, Paul Argen (collectively, "MDTV" or "defendants"). Plaintiffs purchased commercial advertising and marketing programs from MDTV. Plaintiffs allege MDTV misrepresented its services, overcharged, produced its television programs with inadequate production capabilities, did not run its television programs at the appropriate times, did not honor the exclusivity provisions, and refused to refund their money. Currently, MDTV has counterclaims pending against plaintiffs ELCC, Weinstock, Rappaport, and Cross. In addition, MDTV also asserts claims against Weinstock Laser Eye Center.

1

Plaintiffs and defendants seek resolution as to which state laws will govern the claims and counterclaims pending before this Court. Plaintiffs have moved this Court requesting that California law be confirmed as the law of the case for trial of all claims and counterclaims. (Pls.' Br. 1.) Defendants have opposed the application of California law to most of the claims, arguing that Florida substantive law should govern claims and counterclaims between Floridian Dr. Weinstock and MDTV, that Texas law should be applied to claims and counterclaims as between Texas-residing Drs. Rappaport and Cross and MDTV, and that California law should apply only to claims and counterclaims between California-domiciled ELCC and MDTV. (Defs.' Br. 17.)

**A. Plaintiff' Motion to Confirm California as Law of the Case**

Plaintiffs have submitted a motion entitled "Plaintiffs' Joint Motion to Confirm California Law as Law of the Case for Trial of All Claims." In asking the Court to apply California law to all claims and counterclaims, plaintiffs advance several arguments. They argue that California law should be applied at trial to Weinstock's claims because the transferor court—the SDC—would have applied California claims in the diversity action pursuant to Van Dusen v. Barrack, 376 U.S. 612 (1964). (Pls.' Br. 5.) Plaintiffs maintain that MDTV "appear[s] to be asserting, for the first time and on the even of trial, that California law should not be applied at trial to the Plaintiffs' claims against defendants MDTV and Argen and to the remaining MDTV/Argen Counterclaims against Plaintiff Weinstock." (Pls.' Br. 5.) Second, plaintiffs contend that MDTV has waived its ability to contest the applicable law from California law to anything else because MDTV never invoked another state's laws for plaintiffs' claims or its counterclaims. (Pls.' Br. 6.) Plaintiffs also argue that MDTV cannot "experiment" with California law and seek to change the choice of law after losing at summary judgment. (Pls.' Br. 8.) Thus, because plaintiffs assert that the transferee court, here DNJ, must apply the same law

2

and choice of law rules as would have been applied in the transferor SDC, then California law must be the law of the case applicable to the remaining claims and counterclaims between plaintiffs and MDTV. (Pls.' Br. 9-10.)

Accompanying their choice of law motion, plaintiffs also submit a joint motion pursuant to Fed. R. Evid. 201(b) "to take judicial notice of facts in support of motion to confirm California law as law of the case for trial" of claims and counterclaims. The motion sets forth fifteen numbered paragraphs containing facts bearing on the procedural progress and current disposition of the transferred case. The Court views the application to take judicial notice as being unnecessary, however, because the docket survives the transfer and this case's status is manifest through that docket and its contents. See, e.g., Little v. Depuy Motech, Inc., No. 96-cv-0393, 2000 U.S. Dist. LEXIS 22698, *6 n.1 (S.D. Cal. June 9, 2000) ("Because this document is part of the docket in this action, judicial notice is unnecessary and on that basis the Court therefore DENIES [movant's] request." (emphasis in original)). The Court can draw upon any necessary procedural facts, as the case may be, from the submissions and or from independent review of the docket.

In its opposition, MDTV counters that the "law of the case" doctrine is not absolute and is not applicable and that plaintiffs cite inapposite case law concerning removal, rather than § 1404 transfer, from state court. MDTV chiefly opposes plaintiffs' application for California law to govern on the ground that plaintiffs misstated the procedural history of the case. (Defs.' Br. 2.) Particularly, MDTV observes that plaintiff Weinstock invoked Florida law "at all times during this case." (Defs. Br. 2.) In support, MDTV attaches exhibits showing that plaintiff Weinstock argued for summary judgment before the SDC under Florida law, specifically in

Weinstock's February 2008 motion for summary judgment on Counts 10 (fraud) and 12 (breach of contract) of plaintiffs' claims (D.E. 257, 260.)

The Court's independent review of plaintiffs' February 24, 2003 complaint demonstrates that *plaintiffs* have invoked the law of several states since the inception of their suit. (D.E. 276-5.) In his claims for common law fraud, breach of contract, negligent misrepresentation, deceptive trade practices and negligence, plaintiff Weinstock exclusively invoked Florida law. Plaintiff Rappaport's claims for fraud, negligent misrepresentation, breach of contract, deceptive trade practices, and negligence were also framed solely under his own state law, that of Texas. Likewise, plaintiff Cross sued under Texas law for fraud, negligent misrepresentation, and breach of contract. Of the surviving plaintiffs, only ELCC brought its claims under California law for fraud, negligent misrepresentation, breach of contract, false and misleading advertising, and negligence.

As noted supra, plaintiffs mount an argument that substantive California law is the governing law for all claims and counterclaims, and that the law of the case doctrine cements this choice of law. Plaintiffs point to the February 6, 2007 opinion of the SDC dismissing MDTV's third-party claims and certain counterclaims against Weinstock on the basis of California law as controlling further choice of law questions on all claims in this action. In its September 2003 answer (with counterclaims), MDTV did not invoke any foreign state law on its counterclaims and only on its third-party claim for misappropriation of trade secrets invoked state law—that of California. Plaintiffs are correct that MDTV's failure to timely invoke any foreign state's law in its counterclaims now bars MDTV from asserting any state law but California's as to its *counterclaims* at this juncture. See Hurtado v. Superior Court, 115 Cal. Rptr. 106 (1974); see also Employer's Ins. of Wasau v. Tri-World Ins. Agency, Inc., No. 95-55187, 1998 U.S. App.

4

LEXIS 969 *7-8 (9th Cir. 1988) ("California's conflict of law rules provide that the forum generally should apply its own substantive law unless a party timely invokes the law of a foreign state. Since no party invoked any law other than that of the forum, the district court properly applied California law." (internal citation omitted)).

The Court notes, however, that this ruling does not have the broad law-of-the-case effect that plaintiffs advance. First, the February 2007 SDC opinion did not touch upon the governing law of any of plaintiffs' claims, but instead focused on MDTV's counterclaims. In addition, the SDC court appears to have applied California law in its February 2007 decision without clarifying the reason for doing so, causing plaintiffs to argue under a misguided theory. Specifically, the SDC court cited Moore v. Greene, 431 F.2d 584, 589 (9th Cir. 1970) for the proposition that "[i]n a diversity case, a federal court must follow the substantive law of the state in which it sits" but truncated the quote before the next line, which reads "[t]his includes the conflicts of law rules of that state." MDTV Med. News, Inc. v. Weinstock, NO. 03-sv-371, 2007 U.S. Dist. LEXIS 8806, *9 n.6 (S.D. Cal. Feb. 6, 2007). The Court believes the SDC court cited Moore because it ruled that certain claims were pre-empted by the California Uniform Trade Secrets Act, not because it was ignoring the principle that choice-of-law rules of a state where a transferor federal court sits in diversity are controlling as to a transferee court. See id. at *9. Based upon the existing record, this Court cannot surmise that the SDC ruled that all claims are subject to California law, and thus need not opine on the correctness of such a hypothetical finding.

Nor in its other decisions did the SDC also did not rule that California was controlling law for all claims. In the January 5, 2007 order denying MDTV's motion for partial summary judgment on claims asserted by Weinstock, Rappaport, and ELCC, this Court finds no indication

5

that the SDC regarded California law as the prevailing substantive law for plaintiffs' claims.  See MDTV Med. News Now, Inc. v. Eye Laser Care Center, No. 03-cv-371, 2007 WL 174139, *1-2 (S.D. Cal. Jan. 5, 2007).  Instead, the SDC denied MDTV's motion for summary judgment without prejudice and granted leave to renew the motions due to the confusing and disorganized nature of MDTV's arguments and papers.  Id. at *1.  The Court is equally unpersuaded that the SDC's January 17, 2007 opinion granting summary judgment and dismissing third-party claims against Richard Sax makes California the substantive law governing all claims.  See Med. News Now, Inc. v. Eye Laser Care Center, No. 03-cv-371, 2007 WL 174144 (S.D. Cal. Jan. 17, 2007).  The January 17, 2007 order granting summary judgment constituted a limited decision on misappropriation of trade secrets between attorney Richard Sax, who filed the initial lawsuit in California and defendant MDTV.  Id. at *1-2.  The SDC ruled that MDTV failed to create a triable issue of fact, determining that communications with Sax were protected by California legal privilege and ordering all trade secret third-party claims dismissed.  Id. at 3-4.  MDTV correctly argues that the Sax decision was tightly circumscribed in nature and did not affect the merits of the remaining claims and counterclaims in this suit.

As discussed supra, the SDC's application of California law to counterclaims in its February 2007 opinion does not expand California law to apply to all claims and counterclaims involved in this action.  In any event, because MDTV did not timely invoke foreign law, plaintiffs are correct that MDTV's counterclaims are properly governed by California law even before this Court.  Plaintiffs' argument that the law of the case demands that California law be applied to all claims, however, is unavailing.  As is the case here, when "[f]aced with a choice-of-law question, federal courts in the district to which the case has been transferred under § 1404(a) must apply the law of the transferor state." Lafferty v. Gito St. Riel, 495 F.3d 72, 76 (3d

Cir. 2007) (citing Van Dusen v. Barrack, 376 U.S. 612, 639 (1964)). The law of the case has no bearing because the SDC never ruled that California law should apply to all claims and counterclaims. See Dickinson v. Auto Ctr. Mfg. Co., 733 F.2d 1092, 1101 (5th Cir. 1983) ("[T]he 'law of the case' principle does not bar our considering the issue because it was never decided, either expressly or by necessary implication.").

Under the Third Circuit's recent Lafferty decision, this Court must follow California's choice of law rules, which would apply California law unless another state's law was invoked at the outset. See Lafferty, 495 F.3d at 76. Accordingly, with law-of-the-case arguments being put aside, this Court must examine the choice-of-law issue presented to determine which state's laws are controlling as to plaintiffs' claims under California's choice-of-law rules. As a starting point, "when the forum state undertakes its search to find the proper law to apply based upon the interests of the litigants and the involved states, it is understood that normally, even in cases involving foreign elements, the court should be expected, as a matter of course, to apply the rule of decision found in the law of the forum." Hurtado, 115 Cal. Rptr. at 110 (internal citations and quotations omitted). However, as Hurtado explains, where a litigant timely invokes a foreign state's law, and can demonstrate that the foreign "rule of decision will further the interest of the foreign state and therefore that it is an appropriate one for the forum to apply to the case before it," then California will apply foreign law. Id. In this action, plaintiffs pled—and in Weinstock's case later briefed—claims under their respective state laws of Florida for Weinstock, Texas for Cross and Rappaport, and California for ELCC. Thus, the Court must consider whether California would apply the law of those states.

As set forth by the Ninth Circuit in McGhee v. Arabian American Oil Co., 871 F.2d 1412 (9th Cir. 1989), the test for choice-of-law questions in California is a governmental interests

7

inquiry.  "California's version of governmental interest analysis entails three steps."  <u>McGhee</u>, 871 F.2d at 1422.  As a first step, "the court must determine whether the proposed foreign rule of decision differs from the forum rule."  <u>Id.</u>  Second, if the possible rules of decision differ, "the court must next examine each jurisdiction's interest in the application of its standard to determine whether a 'true conflict' exists."  <u>Id.</u>  Thus, "[i]f only one jurisdiction has a legitimate interest in the application of its rule of decision, there is a 'false conflict' and the law of the interested jurisdiction is applied."  <u>Id.</u>  This Court need go no further.  It is recognized in MDTV's briefing that the substantive applicable contract law of California in the employment context differs from that of Florida, Texas, and New Jersey.  (Defs.' Br. 5-6.)  Plaintiffs do not dispute that meaningful differences exist in applicable law.  Employment-restrictive covenants are strongly disfavored in California, but valid in the other states.  Texas law is not amenable to medical advertising.  California law allows medical patient testimonials.  Overall, the possible foreign rules of decision differ sufficiently to advance to the second step of the analysis under California's governmental interest choice-of-law test.

The second step of the governmental interest analysis is to weigh each jurisdiction's interest in applying its law against that of the alternative jurisdiction.  With regard to Weinstock's claims, we note he pled no contacts with California, and instead explicitly framed his case under Florida law.  Weinstock, identifying himself a Florida citizen, pled regarding events unfolding in various parts of that state, including Largo, where he operated his practice.  Per his complaint, Weinstock's marketing territory under his MDTV contract encompassed Tampa Bay, St. Petersburg, and Clearwater, Florida.  Weinstock's only apparent connection with California is that diversity jurisdiction with a California co-plaintiff was secured, permitting the case to be venued in the SDC.

Plaintiff Rappaport, a Texas citizen, pled his case under Texas law concerning his Houston, Texas plastic surgery practice. The alleged misrepresentations by MDTV, from which Rappaport's claims arose, were made within Texas, where he also signed the contract with MDTV. Rappaport further alleged that MDTV continued to solicit competing physicians in the Houston area even after signing its contract with Rappaport. In short, Rappaport, like Weinstock, alleged no connection between the substance of his claims and California. Cross, also a citizen of Texas, is similarly situated, with his case having no connection to California other than it being the place of filing. Based on his complaint, MDTV initially solicited Cross at his Houston ophthalmology practice and Cross signed the contract there. Cross alleged that his exclusive marketing territory for MDTV would cover Houston. Like Rappaport, Cross invoked Texas law for all of the claims pleaded.

ELCC is the successor-in-interest to the Nordan Laser Eye Instiue in La Jolla, California. ELCC, unlike its co-defendants, is a California-based entity organized as a limited liability company. ELCC alleged that Nordan was to have an exclusive marketing agreement with MDTV as to San Diego County. In this action, ELCC invoked California law, and ELCC's presence in this case supported plaintiffs' choice of venue in California. California has a strong interest in protecting California-based businesses, and ELCC has sought the protection of California's laws. California law will be applied to ELCC's claims in this suit.

As to Weinstock, Rappaport, and Cross, however, their original choice of a California forum does not warrant the application of California law to their claims. Each of them has inadequate contacts with California for that jurisdiction to have an interest in its law serving as the rules of decision as to their claims. And, all three traveled to New Jersey—not California— for production of MDTV programming. Moreover, each of them pled their cases under their

9

home jurisdictions' laws.  Because a California court would "decline to apply California law when the facts indicate that the parties' only reasonable expectations were that the law of a foreign state would apply," then California law should not be applied to the Texas and Florida plaintiffs' claims as such a result could not have reasonably been expected.  Roesgen v. Am. Home Prods. Corp., 719 F.2d 319, 321 (9th Cir. 1983).  The Ninth Circuit in McGhee, also addressing California law, reached a similar finding, that "California's connections to the plaintiffs in this case are insufficient to create an interest in applying California law to the plaintiffs' . . . claims."  See McGhee, 871 F.2d at 1422.  Because the physicians' respective home jurisdictions have an interest, and California does not, a "false conflict" is presented, and the home state law of Weinstock, Rappaport, and Cross will apply to their claims going forward in this litigation.  As discussed supra, nothing in the earlier decisions of the SDC restrains this Court from issuing such a ruling because the SDC earlier ruled on collateral aspects of the case, and accordingly the law of the case has no applicability.

Plaintiff's motion to confirm California as law of the case is granted as to MDTV's counterclaims and ELCC's claims and denied as to claims of Weinstock, Rappaport, and Cross.

**B. MDTV's Brief of Choice of Law**

MDTV contemporaneously submitted its own moving brief advocating its choice-of-law arguments, which was followed by opposition from plaintiffs and by MDTV's reply submission. This additional briefing has better informed the Court of the parties' arguments and governing law.  There is, however, no need to separately address MDTV's moving brief along with plaintiffs' response and MDTV's reply because the issues are duplicative and any analysis would be redundant.  The Court's resolution on the issues briefed by MDTV is identical to the issues raised by plaintiffs.

## Conclusion

For the foregoing reasons, California law will apply to all of MDTV's remaining counterclaims. Florida law will govern all of Weinstock's claims. Texas law will serve as the rules of decision for claims brought by Rappaport and Cross. California law will apply to ELCC's claims. The parties would be served to move forward with preparation and planning for dispositive motion practice under the controlling laws as outlined herein.

An appropriate order will be entered.

/s/Katharine S. Hayden<br>
Katharine S. Hayden, U.S.D.J.