UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EYE LASER CARE CENTER LLC,
STEPHEN WEINSTOCK, M.D., NORMAN
RAPPAPORT, M.D., and WARREN CROSS,
M.D.,

        Plaintiffs,

    v.

MDTV MEDICAL NEWS NOW, INC. and
PAUL ARGEN,

        Defendants.

Civ. Action No. 07-4788 (KSH)

**ORDER**

**Katharine S. Hayden, U.S.D.J.**

      This matter comes before the Court by way of a motion for reconsideration [D.E. #350] filed on April 13, 2010 by MDTV Medical News Now, Inc. and Paul Argen (collectively, "defendants" or "MDTV"). Defendants seek reconsideration of the Court's March 30th order [D.E. 349] granting summary judgment and directing the parties to arbitration per paragraphs 2 and 3 of the order filed on January 14th [D.E. 336.]. The Court's March 30th order was filed after hearing oral argument on the motion for summary judgment filed by plaintiff/counterclaim defendant Stephen Weinstock as to counts III and IV of the counterclaim filed by defendants [D.E. 337].

      The commentary to the New Jersey Local Civil Rule ("L. Civ. P.") 7.1 states:

> There is no express provision in the Federal Rules of Civil Procedure for reconsideration of a judicial decision. The closest federal rule is . . . 59(e), which allows a court to "alter or amend" a judgment. In this district, however, L. Civ. R. 7.1(i) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge or a Magistrate Judge to take a second look at any decision upon a showing that dispositive factual matters or

>controlling decisions of law were overlooked by the court in reaching its prior decision.'

(citations omitted.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied* 476 U.S 1171 (1986); *see also Tecchio v. United states ex rel. Meola*, 2003 U.S. Dist. LEXIS 21605 (D.N.J. 2003) (Chesler, J.). It is an extraordinary remedy and should be granted very sparingly. *Connolly v. Mitsui O.S.K. Lines, Inc.*, 2010 U.S. Dist. LEXIS 35244, at *2 (D.N.J. 2010) (Linares, J.) (quotations and citations omitted). Reconsideration is not appropriate where the motion raises only a party's disagreement with the court's initial decision. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988) (Wolin, J.). A court must deny a motion that simply "rehashes the claims" already considered. *Russell v. Levi*, 2006 U.S. Dist. LEXIS 60582, at *6 (D.N.J. 2006) (Wolfson, J.).

A motion for reconsideration must be filed within 10 days of entry of the order. L. Civ. R. 7.1(i). MDTV timely filed its motion within 10 days of the Court's March 30th order. *See Staats v. Robinson Helicopter Co., Inc.*, 1989 U.S. Dist. LEXIS 5000 (D.N.J. 1989) (Fisher, J.) (holding that Saturdays, Sundays, and legal holidays should be excluded from the computation).

Turning then to the merits of the motion, MDTV must establish at least one of the following grounds for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the [motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). MDTV does not argue that there has been a change in controlling law or that there is newly discovered evidence. Instead, in support of its argument for reconsideration, MDTV applies factor (3), arguing that the

Court committed a clear error of law in its March 30th order. The brief states: "[T]his Court's decision concerning the license Weinstock was granted to use the MDTV trademark suggests . . . that MDTV had a burden to establish that its relationship with Weinstock was akin to that of a franchise. The error in this aspect of the decision is that Florida law requires only that there be proof that there was a limited license granted in the use of a trademark." (MDTV Br. 1.)

The Court rejects MDTV's attempt to relitigate this issue. *See In re Christie*, 222 B.R. 64, 1998 U.S. Bankr. LEXIS 696, at *8 (Bankr.D.N.J. 1998) ("[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."); *Kennedy Indus., Inc. v. Aparo*, 2006 U.S. Dist. LEXIS 46075, at *4 (E.D. Pa. 2006) ("A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one."); *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (Asking the court to rethink what it already decided is not a proper ground for a reconsideration motion.). This Court carefully considered Florida's law, as presented both in the briefs and at oral argument, before deciding the summary judgment motion. MDTV fails to raise any issue that was overlooked by the Court and now asks the Court to "rethink what it ha[s] already thought through." *Levinson v. Sears, Roebuck & Co.*, 1998 U.S. Dist. LEXIS 7158, at *8 (D.N.J. (1998) (Wolin, J.) (citations omitted). Accordingly, MDTV has not provided a sufficient basis to merit reconsideration of the Court's March 30th order.

For the reasons asserted herewith,

It is on this 7th day of June, 2010 hereby

**ORDERED** that MDTV's motion for reconsideration [D.E. 350] is **denied**; and it is further

3

**ORDERED** that the parties forthwith make arrangements to secure an arbitrator and schedule binding arbitration, per paragraphs 2 and 3 of the January 14th order [D.E. 336].

/s/Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.