Not for Publication

**United States District Court**
**for the District of New Jersey**

|  |  |
|---|---|
| EYE LASER CARE CENTER LLC, STEPHEN WEINSTOCK, M.D., NORMAN RAPPAPORT, M.D., and WARREN CROSS, M.D.,<br><br>          Plaintiffs,<br><br>   v.<br><br>MDTV MEDICAL NEWS NOW, INC. and PAUL ARGEN,<br><br>          Defendants. | Civil No.: 07-4788 (KSH)<br><br><br><br><br><br>**Opinion** |

**Katharine S. Hayden, U.S.D.J.**

      Presently before the Court are two filings by *pro se* defendant Paul Argen: a "brief with support of motion for reconsideration" [D.E. 383], which the Court will liberally construe as a motion for both reconsideration and for a stay pending appeal; and a "motion for sanctions on plaintiffs and plaintiffs' attorneys of record" [D.E. 384], which supplements the reconsideration motion. Over several years this case has been heavily litigated, and so the Court will assume the parties are familiar with the basic facts and procedural history.

      Argen's applications focus on the Court's last-filed opinion, which addressed a narrow issue: "whether to sustain the judgment of the parties' arbitrator who concluded that an expert report he had reviewed was properly part of the evidentiary record before him." (June 19, 2013 Op. 1 [D.E. 380].) The parties' dispute centered around whether the arbitrator, Hon. John W. Bissell (ret.), had appropriately considered the expert "Byelick report." The Court found Judge Bissell's interpretation of a consent order's limitation on expert witnesses to be reasonable, grounded in "both . . . the plain text of the Consent Order [and] the context from which it

1

originated." (June 19, 2013 Op. 5.) Accordingly, the Court confirmed the final award, in the process denying defendants' motions to vacate it. (June 19, 2013 Op. 6–7; June 19, 2013 Order [D.E. 381].) Final judgment pursuant to Fed. R. Civ. P. 58 was entered on June 27. [D.E. 382.]

On July 7, Argen timely filed the "brief with support of motion for reconsideration." He argues, in essence, that Judge Bissell erred by relying on the Byelick report and by "never constru[ing] the agreement portion [of the consent order] that [barred] expert witnesses . . . from the arbitration." (Reconsideration Moving Br. 5.) Argen further contends that the report so infected the underlying arbitration that the entire award should be vacated, and requests a "stay of judgment until after this reconsideration ruling . . . or . . . upon appeal to the [T]hird [C]ircuit." (*See* Reconsideration Moving Br. 19–20, 22.)

Argen also filed a "motion for sanctions." Calling the plaintiffs' various allegations "false . . . unethical, unwarranted, [and] fabricated" (Sanctions Moving Br. 3), Argen recasts his arguments in terms of attorney misconduct; for example, he says that the attorneys who entered the Byelick report into evidence should be sanctioned, and that they are additionally at fault for "not supplementing the report" under Fed. R. Civ. P. 37(c)(1). (*See* Sanctions Moving Br. 6–10.) Finally, in a supplement, Argen accuses Judge Bissell of failing to use the *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), test to determine the report's admissibility. (*See generally* Supplemental Mem. [D.E. 387].) Certain of the plaintiffs have filed oppositions. [D.E. 386, 388.]

To the extent that Argen seeks reconsideration, his motion is denied. As the Court set forth earlier in this case:

> The purpose of a motion for reconsideration is to "correct manifest errors of law or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) . . . . Reconsideration is not appropriate where the motion raises only a party's disagreement with the court's initial decision. *Florham Park*

*Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988) (Wolin, J.). A court must deny a motion that simply "rehashes the claims" already considered. *Russell v. Levi*, 2006 U.S. Dist. LEXIS 60582, at *6 (D.N.J. 2006) (Wolfson, J.).

*Eye Laser Care Ctr. LLC v. MDTV Med. News Now, Inc.*, No. 07-4788 KSH, 2010 WL 2342579, at *1 (D.N.J. June 7, 2010) (Hayden, J.). Argen presents no reason to overturn what has already been decided. He fails to point to a place in the record where a *Daubert* issue would have been preserved or would otherwise be relevant at this stage of the proceedings. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 39–41 (1987) (discussing limited court review of procedural decisions in arbitration). Nor has he satisfied the four-factor test governing a stay of judgment pending appeal. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

     Argen's motion for sanctions also fails. If he is alleging malfeasance, the Court has found that the Byelick report was reasonably admitted into evidence, which defeats that claim. His challenge to language in the report giving notice that "[t]his report will be supplemented on some if not all areas after MDTV responds as required by the January 10, 2006 and February 27, 2006 discovery orders of the court" does not provide a basis for imposing sanctions. Argen does not show how the lack of a supplemental report ran afoul of Fed. R. Civ. P. 37(c)(2), Fed. R. Civ. P. 26(a) and (e), or the relevant discovery orders issued by then-Magistrate Judge Battaglia while this matter was docketed in the Southern District of California. *See also Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 537 (9th Cir. 2001) (discovery sanctions properly denied when not timely raised before the Magistrate Judge); D.N.J. L. Civ. R. 37.1(1).

     Argen's motions are without merit, and an appropriate order will be entered denying them.

February 28, 2014

                                                                 /s/ Katharine S. Hayden
                                                                 Katharine S. Hayden, U.S.D.J.